ERIC GRANT
United States Attorney
BRENDON L.S. HANSEN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2780
Facsimile:  (916) 554-2900

Attorneys for the
United States Department of Education

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GUY MANCHUK,

                    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
EDUCATION,

                    Defendant.

CASE NO.  2:24-CV-2882-SCR (PS)

[~~PROPOSED~~] ORDER VACATING AND RE-SETTING SCHEDULING ORDER AND REMAINING DATES AND DEADLINES

**ORDER**

The Court has reviewed the parties' stipulation to vacate and re-set the Scheduling Order and remaining dates and deadlines, and, good cause appearing, issues the following order:[1]

   1.  The dates and deadlines contained within the Scheduling Order, ECF No. 31, are vacated.

   2.  The Court re-sets the Scheduling Order and remaining dates and deadlines as follows:

---

[1] The Court has modified in part the parties' Proposed Order.

| Deadline | New Date or Deadline |
| --- | --- |
| Plaintiff's Reply to Motion to Augment and Preliminary Injunction | July 9, 2026 |
| Hearing on Plaintiff's Motion to Augment and Preliminary Injunction | July 16, 2026 at 10:00 a.m. |
| Plaintiff's Motion for Summary Judgment[2] | August 5, 2026 |
| Defendant's Opposition and Cross-Motion for Summary Judgment | August 26, 2026 |
| Plaintiff's Reply and Opposition | September 24, 2026 |
| Defendant's Reply in Support of Cross-Motion for Summary Judgment | October 21, 2026 |

3.  The remaining orders in ECF No. 31 shall remain in effect.

IT IS SO ORDERED.

Dated:  May 18, 2026_____

_____
HONORABLE SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff did not file a motion for summary judgment by the original deadline of April 24, 2026 and the parties did not provide for a new deadline for Plaintiff to file a motion for summary judgment in their stipulation and proposed order, despite including a deadline for Defendant to oppose any motion for summary judgment.  The Court therefore sua sponte resets this deadline and cautions Plaintiff that a failure to file a timely motion for summary judgment may preclude Plaintiff from seeking favorable judgment at a later stage in the case. *See Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (Administrative Procedure Act cases are typically decided without trial on motions for summary judgement because, "courts are to decide, on the basis of the record the agency provides, whether the action passes muster under the appropriate APA standard of review").

[PROPOSED] ORDER                                    2